ANGELICA UNIFORM GROUP,
INC., Plaintiff,

v.

PONDEROSA SYSTEMS, INC.,
Defendant.

No. 79–134C(4).

United States District Court,
E. D. Missouri, E. D.

March 12, 1980.

Jim J. Shoemake of Guilfoil, Symington, Petzall & Shoemake, Thomas M. Utterback, St. Louis, Mo., for plaintiff.

Frank Hamsher of Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., Roger J. Makley of Coolidge, Wall, Matusoff, Womsley & Lombard Co., L. P. A., Ronald S. Pretekin, Dayton, Ohio, for defendant.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on plaintiff's motion for a new trial. For the reasons stated below, plaintiff's motion will be denied.

Plaintiff filed this diversity action to recover damages from the defendant for an alleged breach of a requirements contract. After a full trial before this Court and a jury from January 15, 1980, to January 18, 1980, the jury returned a verdict in favor of the defendant.

Plaintiff now moves for a new trial on the grounds that: (1) the jury's verdict was against the weight of the evidence, (2) the Court erred in giving instruction no. 17, and (3) the Court erred in excluding the deposition testimony (page 38, line 15 through page 40, line 13) of Bruce Main.

The Court finds that the jury's verdict was not against the weight of the evidence. More than a sufficient amount of evidence was adduced at trial to support the jury's finding in defendant's favor. *Hamilton v. Consolidated Freightways*, 612 F.2d 343 (8th Cir. 1979).

Plaintiff contends that instruction no. 17 was improper because it required the jury to find that the defendant acted in bad faith. Plaintiff contends that Mo.Rev.Stat. § 400.2–306(1) alters the normal good faith standard required in contractual dealings. In place of the normal standard, plaintiff argues that the defendant must show that the defendant acted in good faith in reducing its orders and that the plaintiff acted in bad faith in making a stated estimate.

A buyer in a requirements contract may order reductions that are highly disproportionate to a stated estimate if done in good faith. *R. A. Weaver & Assoc., Inc. v. Asphalt Construction, Inc.*, 587 F.2d 1315, 1322 (D.C.Cir.1978). The foremost commentators on the Uniform Commercial Code have also taken this construction of § 2–306(1). *E. g.*, J. White and R. Summers, *Uniform Commercial Code*, p. 109 (1972).

Nor does this interpretation of the statute conflict with the explicit language of § 2–306(1), the comments to that statute, and the case cited by plaintiff to support its argument. *Orange and Rockland Utilities, Inc. v. Amerada Hess Corp.*, 59 App.Div.2d 110, 397 N.Y.S.2d 814 (1977) (good faith *increases* that are highly disproportionate to a stated estimate do not have to be fulfilled by the supplier in a requirements contract); U.C.C. § 2–306(1), comment no. 2.

Furthermore, the Court finds that there were no stated monthly estimates of the buyer's purchases. The estimates relied upon by the plaintiff are the minimum and maximum inventory levels set by the latter agreement. Those monthly inventory levels are clearly not estimated monthly purchases.

Therefore, the Court affirms its trial order; instruction no. 17 was a proper instruction of the law.

Plaintiff also contends that the Court erred in excluding the deposition testimony of Bruce Main beginning at page 38, line 15 and ending at page 40, line 13. Plaintiff argues that the offered testimony related to the business habits of Mr. Main and Mr. Ken Savey. *See* Rule 406, Fed.R.Evid.

The Court finds that the deposition testimony offered by the plaintiff is not admissible. Mr. Main's testimony is speculative at best. Furthermore, in testifying to Mr. Savey's habits Mr. Main clearly indicated that he did not know what Mr. Savey's habit was, if any. On page 40 beginning at line 10, a question was asked to Mr. Main to which he did not respond. An unanswered question is clearly not admissible.

Therefore, the Court affirms its trial order denying admission of the deposition testimony of Bruce Main.

Therefore, plaintiff's motion for a new trial will be denied.